# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKEY JEROME HARRIS, III,

        Petitioner,

v.

DENITA R. BALL,

        Respondent.

Case No. 25-CV-479-JPS

**ORDER**

**1.    INTRODUCTION**

Petitioner Rickey Jerome Harris, III ("Harris"), who is currently in state custody awaiting trial, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He asserts that various of his constitutional rights, including to a timely preliminary hearing and a speedy trial, were violated in state court proceedings. *See generally id.* This Order screens Harris's petition and finds that it must be dismissed.[1]

**2.    SCREENING STANDARD**

The Court applies the Rules Governing Section 2254 Cases applies to petitions for release from custody brought under 28 U.S.C. § 2241. Rule 1(b), Rules Governing Section 2254 Proceedings; Civ. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening stage,

---

[1] Harris also moved for leave to proceed without prepayment of the filing fee, ECF No. 2, but subsequently paid the filing fee. The Court will deny this motion as moot.

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Tr. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

3. **RELEVANT FACTS**

   3.1 **Harris's Open State Criminal Cases**

Harris is subject to three ongoing criminal cases, two of which include substantive charges. ECF No. 1 at 4 (listing cases "2023cf000943" and "2023cf000944"); *State of Wisconsin v. Rickey Jerome Harris III*, Milwaukee Cnty. Cir. Ct. Case No. 2023CF000943, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF000943&countyNo=40&index=0&mode=details (last visited May 29, 2025) (hereinafter "Case No. 2023CF000943"); *State of Wisconsin v. Rickey Jerome Harris III*, Milwaukee Cnty. Cir. Ct. Case No. 2023CF000944, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF000944&county

No=40&index=0&mode=details (last visited May 29, 2025) (hereinafter "Case No. 2023CF000944") (together, the "2023 Cases").[2]

Before the 2023 Cases began, in June 2021, Harris was arrested for extradition purposes, for reasons and under circumstances that are not clear to the Court. *See generally State of Wisconsin v. Rickey Jerome Harris III*, Milwaukee Cnty. Cir. Ct. Case No. 2021CF002404, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF002404&countyNo=40&index=0&mode=details (last visited May 29, 2025) (citing Wis. Stat. § 976.03(13)[3]) (hereinafter the "2021 Extradition Case").

### 3.2 2021 Extradition Case and Related Events

Harris avers that in the 2021 Extradition Case he was arrested on June 8, 2021 and had an initial appearance on June 16, 2021. ECF No. 1 at 10. The Court will accept this representation as true at the screening stage (although the docket in that case shows only that a complaint was filed against Harris on June 16, 2021 and that he had his initial appearance on the same date, 2021 Extradition Case, June 16, 2021 docket entries).

---

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases). The docket entries for the 2023 Cases are almost completely identical, so the Court will cite the cases collectively in most instances.

[3]The statute under which the 2021 Extradition Case proceeds provides that "[w]henever any person within this state shall be charged . . . with the commission of any crime in any other state and . . . with having fled from justice, or with having been convicted of a crime in that state and having escaped from confinement, or having broken the terms of his or her bail, probation, extended supervision or parole, . . . and is believed to be in this state, the judge shall issue a warrant directed to any peace officer commanding the officer to apprehend the person named therein, . . . and to bring the person before . . . [the] court . . . to answer the charge or complaint and affidavit [on which the warrant is based] . . . ." Wis. Stat. § 976.03(13).

At the initial appearance, a court commissioner found that the complaint articulated probable cause and that "the defendant is the person wanted in the State of Illinois." 2021 Extradition Case, June 16, 2021 docket entry titled "Initial appearance." Further status conferences were held on July 15, July 27, and August 13, 2021, and Douglas E. Batt ("Batt") was appointed to represent Harris. *Id.*, July 15, July 27, and Aug. 13, 2021 docket entries. At the August 13, 2021 status conference, Harris indicated that he would like to represent himself, and Batt withdrew. *Id.*, Aug. 13, 2021 and Sept. 1, 2021 docket entries. Harris had an attorney, Glenn Oswald Givens, for a February 2022 hearing but again requested to proceed pro se in April 2022. *Id.*, Feb. 4 and Apr. 14, 2022 docket entries. Harris then moved on to a third attorney, Imran Kurter ("Kurter"), in summer 2022. *Id.*, June 16 and July 12, 2022 docket entries. Kurter represented Harris at a November 2022 extradition hearing and a May 2023 status conference. *Id.*, Nov. 1, 2022 and May 4, 2023 docket entries.

A preliminary hearing was not held in this case. *See generally id.* Harris was ultimately not extradited out of Wisconsin to Illinois. *Id.* June 28, 2023 docket entry ("Due to defendant not being extradited . . . ."). This appears to be because, as noted *infra* Section 3.3, Harris was by this time also facing criminal charges in Wisconsin.

In late September 2021, Harris filed a § 2241 petition challenging the delay in holding a preliminary hearing in the 2021 Extradition Case. *Rickey J. Harris, III v. Earnell Lucas*, Case No. 21-CV-1124-BHL, ECF No. 1 (E.D. Wis. Sept. 28, 2021). The petition was dismissed because Harris failed to assert claims cognizable in federal habeas review, failed to exhaust his state court appeals on any constitutional issues, and failed to identify exceptional circumstances that would justify interfering with the case. *Id.*, ECF Nos. 4

(report and recommendation), 5 (order adopting report and recommendation and dismissing petition).

### 3.3 2023 Cases and Related Events

On March 9, 2023, the State of Wisconsin charged Harris by criminal complaint with armed robbery, reckless injury, possessing a firearm as a felon, fleeing from an officer, recklessly endangering safety, and a hit-and-run in Case No. 2023CF000943, and with theft and possessing a firearm as a felon in Case No. 2023CF000944. 2023 Cases, Mar. 9, 2023 docket entry titled "Complaint filed." That same day, a hearing was held off the record in which the parties discussed "Defense's motion to dismiss and reissuance of cases." *Id.*, Mar. 9, 2023 docket entry titled "Adjourned hearing." Harris was not present but appeared through a public defender. *Id.*

Then, on March 21, 2023, the State charged Harris by information in each case. *Id.*, Mar. 21, 2023 docket entry titled "Information." Initial appearances and preliminary hearings were held in both cases on the same date. *Id.*, Mar. 21, 2023 docket entries titled "Initial appearance" and "Preliminary hearing." Allison Marie Ritter represented Harris at these hearings. *Id.*

Harris was detained for nearly two years during the pendency of the 2021 Extradition Case and leading up to the filing of charges in the 2023 State Cases. ECF No. 1 at 4 (noting arrest and charging dates); 2021 Extradition Case, June 16, 2021 docket entry (noting that Harris was "in custody"); *id.*, Nov. 1, 2022 docket entry (extradition hearing minutes reflecting that Harris was still "in custody"); *id.*, May 4, 2023 docket entry (noting again that Harris was still "in custody"). Hearing minutes from the November 2022 hearing in the 2021 Extradition Case indicate that "[w]arrants ha[d] been served from Illinois" but that "Defendant ha[d]

pending felony matters in Milwaukee County." 2021 Extradition Case, Nov. 1, 2022 docket entry. Wisconsin Circuit Court Access Program ("CCAP") records do not show that any felony cases were filed and pending against Harris at the time of that hearing. As mentioned above, Harris was not extradited to Illinois pursuant to the warrants there.

The 2023 Cases are currently pending before the Milwaukee County Circuit Court. ECF No. 1 at 4.[4] Harris remains detained in these cases.[5] *Id.*, Apr. 18, 2025 docket entry (reflecting that Harris is in custody).

In June 2023, Harris, apparently acting pro se, made a speedy trial demand, which was docketed in Case No. 2023CF000944 only. Case No. 2023CF000944, June 26, 2023 docket entry. In July 2023—about four months after charges were filed—Russell J.A. Jones ("Jones") was appointed to represent Harris. 2023 Cases, July 17 and 19, 2023 docket entries. Harris avers that the presiding state court judge said that his speedy trial demand was "still valid" at the time Jones was appointed. ECF No. 1 at 11. A jury trial was set to begin in February 2024. 2023 Cases, Sept. 12, 2023 docket entry.

A hearing was held on September 27, 2023, ostensibly to address Harris's motion for bail review, which the state court judge denied. *Id.*, Sept. 27, 2023 docket entry. Additionally, at that hearing, Jones "concede[d] that he did not renew or adopt [the] speedy trial demand filed by [Harris in June 2023] prior to [Jones's] engagement." Case No. 2023CF000943, Sept. 27, 2023

---

[4]The 2021 Extradition Case remains pending as a "tag along" action to the 2023 Cases. 2021 Extradition Case, Nov. 12, 2024 docket entry; *id.*, June 28, 2023 docket entry ("Due to defendant not being extradited, this case cannot be administratively closed. Case will remain pending.").

[5]I.e., it appears that he has been detained pretrial for almost four years total.

docket entry. The state court judge therefore found that Harris's speedy trial demand was "withdrawn," and the trial date remained calendared for February 2024. *Id.*; ECF No. 1 at 3 (referencing same court ruling).

In December 2023, Jones withdrew from representation, citing a "breakdown in communication" with Harris. 2023 Cases, Dec. 4, 2023 docket entry. About three and a half months later, Michael Plaisted ("Plaisted") was appointed to represent Harris. *Id.*, Mar. 20, 2024 docket entries. Plaisted twice requested more time in which to prepare the case. *Id.*, May 2 and 16, 2024 docket entries. Plaisted made a speedy trial demand, and trial was reset to begin on October 7, 2024. *Id.*, July 9 and 23, 2024 docket entries.

Plaisted then moved to withdraw from representation, but the state court judge denied withdrawal. *Id.*, Aug. 13 and Sept. 6, 2024 docket entry. When the trial date rolled around, the parties indicated that they were "ready to proceed," but Harris "ma[de] a statement regarding issues" with Plaisted. *Id.*, Oct. 7, 2024 docket entry. He was given the opportunity "to determine if he want[ed] to proceed with trial or want[ed] new counsel." *Id.* He chose the latter, the judge found good cause to continue his speedy trial demand to January 6, 2025, and the matter was adjourned pending appointment of new counsel. *Id.* Harris states that "there is no record" of this hearing. ECF No. 1 at 3.

As of April 18, 2025, the State Public Defender has not yet appointed a new attorney for Harris. 2023 Cases, Oct. 28, Nov. 12, and Dec. 6, 2024, Jan. 9, Feb. 10, Feb. 27, Mar. 27, and Apr. 18, 2025 docket entries. Harris states that he has not been in court since October 28, 2024. ECF No. 1 at 12.

### 3.4 Appeals

In January 2024, Harris moved the Wisconsin Court of Appeals for an extension of time in which to file a petition for leave to appeal, although it is not clear what issue(s) he intended to appeal. Case No. 2023CF000943, Jan. 8, 2024 docket entry; *State v. Rickey Jerome Harris, III*, Appeal No. 2024XX000018, available at https://wscca.wicourts.gov/caseDetails.do?caseNo=2024XX000018&cacheId=F70402BB3AB41DD3F0EF2E6E221FC934&recordCount=1&offset=0 (last visited May 29, 2025) (hereinafter "2024 Appeal Petition"). Jones had withdrawn from representation by this point, so Harris presumably filed the motion pro se.

The Court of Appeals denied the motion. Appeal No. 2024XX000018.[6] There is no record of appeal in Case No. 2023CF000944.

Harris states in his § 2241 petition that he did not file any appeals. ECF No. 1 at 5–9.

### 3.5 Grounds for Relief

Construing Harris's petition liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and applying the legal theories that seem to best fit his

---

[6]Oddly, another appeal exists under Harris's name. *See State v. Rickey Jerome Harris*, Appeal No. 2024XX000017, available at https://wscca.wicourts.gov/caseDetails.do?caseNo=2024XX000017&cacheId=A1B663E84C3E10FA0258C6C40608A4CF&recordCount=1&offset=0 (last visited May 29, 2025). However, the circuit court case number on which the appeal is based, 2021CF002299, does not correspond to a Milwaukee County case, but rather an unrelated Dane County case for a different defendant. *State of Wisconsin v. Blaine E. Wheaton*, Dane County Case No. 2021CF002299, available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF002404&countyNo=40&mode=details (last visited May 29, 2025). The Court will assume that the duplicative appeal under Harris's name is an administrative error.

allegations (some of which depart from those he has invoked), the Court discerns the following grounds for relief therein:

- A claim that his due process rights were violated because he was arrested on June 8, 2021 and did not have his initial appearance until June 16, 2021, ECF No. 1 at 10 ("Initial Appearance Due Process Claim");

- A claim that his due process rights were violated because "on March 21, 2023[,] charges w[ere] dismissed and recharged," which Harris asserts occurred due to an "improper motive and purpose to gain tactical advantage" by the state, *id.* ("Recharging Due Process Claim");

- A claim that his due process rights or his right to a speedy trial were violated because there was a twenty-two month delay between his arrest in the 2021 Extradition Case and his preliminary hearing in the 2023 Cases, *id.* at 10–11 ("Preliminary Hearing Claim");

- A claim that his right to effective assistance of counsel was violated when Jones failed to renew the speedy trial demand that Harris filed in June 2023 before Jones was representing him, *see id.* at 11 ("Ineffective Assistance of Counsel Claim"); and

- A claim that his right to a speedy trial or to assistance of counsel is being violated because, since Plaisted withdrew from representing Harris in October 2024, a new attorney has not yet been appointed to represent him, *id.* at 12 ("Attorney Appointment Claim").

For relief, Harris seeks whatever relief the Court "deem[s] fair and appropriate." *Id.*

## 4. LAW & ANALYSIS

Although the facts related to Harris's § 2241 petition are somewhat complicated, the analysis is not. Each of the claims in the petition is subject to dismissal due to *Younger* abstention or failure to exhaust his state court remedies.

"While § 2241 allows a pretrial detainee to bring a habeas corpus petition, this ability is limited by the desire of federal courts not to interfere with pending state criminal prosecutions except in special circumstances." *Gunn v. Lucas*, No. 20-CV-1623, 2020 WL 7231058, at *1 (E.D. Wis. Dec. 8, 2020) (citing *Hall v. Malcomson*, No. 17-CV-726-JPS, 2017 WL 2533392, at *3 (E.D. Wis. June 9, 2017)); *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) ("Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." (quoting *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) and citing *Younger v. Harris*, 401 U.S. 37, 43 (1971))). This is known as the doctrine of *Younger* abstention.

Exceptional circumstances may exist where a pretrial detainee is attempting to raise via a § 2241 petition "claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot." *Gunn*, 2020 WL 7231058, at *1 (citing *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010)). Thus, "[s]peedy trial . . . claims are . . . [a] recognized exception[] allowed to proceed under § 2241." *Id.* (citing *Sweeney*, 612 F.3d at 573).

Additionally, "pretrial detainees raising permissible federal claims under § 2241 must exhaust those claims first through available state court proceedings." *Id.* (citing *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir.

1991)); *see also Olsson*, 328 F. App'x at 335 ("Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." (collecting cases)). This typically requires that the petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mays v. Dart*, 453 F. Supp. 3d 1074, 1088 (N.D. Ill. 2020) ("A pretrial detainee must 'exhaust all avenues of state relief' before seeking a writ of habeas corpus through a [§] 2241 action." (citing *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991))). "'Sound judicial discretion governs' the court's decision to require or excuse exhaustion." *Davis v. Spoden*, No. 09-CV-002-BBC, 2009 WL 249973, at *2 (W.D. Wis. Feb. 2, 2009) (quoting *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)). "Excusing exhaustion is appropriate only under limited circumstances, such as where unreasonable delay would result or there is no reasonable prospect of petitioner receiving relief." *Id.* (citing same).

As a threshold matter, it does not appear that Harris is challenging his extradition per se, but rather the process he received in the Wisconsin state courts during the course of the 2021 Extradition Case and the 2023 Cases. Even if he were challenging his extradition, however, such a claim would be barred by *Younger*. *Leventhal v. Johnson*, No. 21-CV-507, 2021 WL 2383942, at *2 (E.D. Wis. May 19, 2021) (citing *Jackson v. State of Illinois*, No. 14-C-1182, 2014 WL 11381410, at *1–2 (E.D. Wis. Dec. 1, 2014)), *report and recommendation adopted*, No. 21-C-507, 2021 WL 2383239 (E.D. Wis. June 10, 2021).

Harris's Initial Appearance Due Process Claim, Recharging Due Process Claim,[7] Preliminary Hearing Claim (when understood as a due process claim), and Ineffective Assistance of Counsel Claim are not among those "recognized exceptions allowed to proceed under § 2241." *Gunn*, 2020 WL 7231058, at *1 (citation omitted). Similarly, Harris's Attorney Appointment Claim, when understood as a claim that the delay in appointing him a new attorney violates his Sixth Amendment right to assistance of counsel, is not permitted to proceed under § 2241. *See Olsson*, 328 F. App'x at 335–36 (affirming dismissal of right to counsel claim in § 2241 petition on *Younger* grounds). Nothing in the petition or on the dockets of the 2021 Extradition Case and 2023 State Cases suggests that Harris did not or does not have an opportunity to raise these claims to the state court (or that he will not have the opportunity to do so on direct appeal, if convicted). "[A] federal court should assume that state procedures will afford an adequate remedy [for review of federal constitutional claims], in the absence of unambiguous authority to the contrary." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 598 (7th Cir. 2007) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)); *see also Nommensen*

---

[7] The Recharging Due Process Claim also appears to be frivolous. There is no CCAP record of any criminal charges against Harris from the time of his arrest for extradition purposes in June 2021 and when he was charged in the 2023 Cases in March of that year. The Court cannot conclude that the March 2023 charges were "recharged" when there were no earlier charges to begin with. If Harris is arguing that it was improper to be charged by a criminal complaint and then by an information, he is incorrect. *See* Wis. Stat. § 968.02(2) (permitting a criminal prosecution to commence with the filing of a complaint); § 971.02(1) ("If the defendant is charged with a felony in any complaint . . . no information or indictment shall be filed until the defendant has had a preliminary examination."). Harris was charged in a complaint and then, on the day of his preliminary hearing, in an information.

*v. Lundquist*, 630 F. Supp. 2d 994, 998 (E.D. Wis. 2009) ("All that matters is the opportunity to raise constitutional claims."). The Court concludes that *Younger* abstention bars these claims at this time.

Harris's Preliminary Hearing Claim (when understood as a Sixth Amendment speedy trial claim[8]) and his Attorney Appointment Claim (when understood as a claim that the delay in appointing an attorney has violated Harris's Sixth Amendment right to a speedy trial[9]) are among those exceptions theoretically able to proceed under § 2241, but Harris has not demonstrated that he exhausted his state court remedies with respect to either of these claims.

It is unclear whether Harris ever raised the Preliminary Hearing Claim—whether as a speedy trial claim or a due process claim—to the state trial court or whether it was the subject of his 2024 Appeal Petition. But there is in any event no record that he raised this claim to the Wisconsin Supreme Court, so the Court is unable to conclude that he "invoke[ed] one complete round of the [s]tate's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Moreover, this claim appears to be moot because Harris *did* have a preliminary hearing in the 2023 Cases, to which the 2021 Extradition Case is now only a "tag along" action rather than a substantive standalone case. *See Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir. 1993) ("This action for habeas corpus is moot if winning it would give the petitioner

---

[8]*See Harris*, Case No. 21-CV-1124, ECF No. 4 at 5 ("The delay in holding a preliminary hearing could rise to the level of a speedy-trial violation . . . .").

[9]*See Vermont v. Brillon*, 556 U.S. 81, 85 (2009) ("The state may be charged with those months [for speedy trial purposes] if the gaps resulted from the trial court's failure to appoint replacement counsel with dispatch. Similarly, the State may bear responsibility if there is a 'breakdown in the public defender system.'" (quoting *State v. Brillon*, 955 A.2d 1108, 1111 (2008))).

nothing."); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (collecting cases and discussing mootness in the context of a § 2241 petition). Harris's argument that there was a twenty two-month delay appears to conflate the 2021 Extradition Case with the 2023 Cases, but they are separate actions.

As to the Attorney Appointment Claim (construed as a Sixth Amendment speedy trial claim), Harris raised a number of speedy trial demands before the state trial court and so may have exhausted the issue before that court. It is unclear if this issue was the subject of his 2024 Appeal Petition. But Harris has in any event not attempted to raise the issue to the Wisconsin Supreme Court. In these circumstances, the Court cannot conclude that Harris has completed a round of the state's established review process on this claim. *O'Sullivan*, 526 U.S. at 845.

It is also debatable whether Harris has made a showing that his speedy trial rights are being violated. Assessing "whether a defendant's Sixth Amendment speedy trial right has been violated" requires the Court to consider, among other factors, "the reasons for the delay." *United States v. Bell*, 925 F.3d 362, 376 (7th Cir. 2019) (quoting *Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015)). "A defendant's lack of cooperation with counsel and change of counsel will . . . be weighed against the defendant." *Id.* (citing *United States v. Robey*, 831 F.3d 857, 864 (7th Cir. 2016)). Harris requested new representation in the 2023 Cases on two occasions shortly preceding his scheduled trial, including once on the October 7, 2024 scheduled trial date when all parties indicated that they were ready to proceed. Similarly, Harris went through three lawyers in the 2021 Extradition Case. This all suggests that the delay in getting these cases to a resolution is at least partially attributable to his own choices.

Harris has also not demonstrated that it would be appropriate to excuse his obligation to exhaust the Preliminary Hearing Speedy Trial Claim and the Attorney Appointment Claim in the Wisconsin state courts. *See Davis*, 2009 WL 249973, at *2 (citation omitted). Requiring him to present these claims through the appellate process would not cause unreasonable delay any more than Harris's multiple requests for new counsel have delayed the case. *See id.*

5. **CONCLUSION**

For the reasons stated above, the Court will deny Harris's § 2241 petition and dismiss this action. The Court will further deny as moot Harris's motion for leave to proceed without prepayment of the filing fee. ECF No. 2. The dismissal of this case does not preclude Harris from attempting to raise (or re-raise) his arguments in the 2023 Cases, in consultation with his appointed lawyer.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, which can be applied to § 2241 petitions by operation of Rule 1(b) of the same, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right." "A petitioner makes a 'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir. 2008)). The law surrounding *Younger* abstention and failure to exhaust is sufficiently clear such that reasonable jurists would not

debate its application to the facts herein. The Court will therefore deny Harris a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Rickey Jerome Harris, III's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Rickey Jerome Harris, III's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.